IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  Criminal No. 1:11-cr-00079-HSO-RHWR-1

BOBBY EARL KEYS

### ORDER DENYING DEFENDANT BOBBY EARL KEYS'S RENEWED MOTION [131] FOR COMPASSIONATE RELEASE

BEFORE THE COURT is Defendant Bobby Earl Keys's Renewed Motion [131] for Compassionate Release. The Court finds that this Motion [131] should be denied with prejudice.

I. BACKGROUND

Pursuant to a Plea Agreement [23], on November 4, 2011, Defendant Bobby Earl Keys ("Defendant" or "Keys") pled guilty to Count One of an Indictment [2] charging that, by filing claims falsely alleging injury from the Deepwater Horizon Oil Spill with the Gulf Coast Claims Facility, he

> intentionally devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and in furtherance thereof, did use and cause to be used the U.S. Mails and private or commercial interstate carriers for the purpose of executing the scheme and attempting to do so

in violation of 18 U.S.C. §§ 2, 1341. Indictment [2] at 2-3; Plea Agreement [23] at 1, 6. Defendant was sentenced to 150 months imprisonment, followed by a three-year term of supervised release. J. [34]. Defendant is currently incarcerated at the

1

Federal Correctional Institute Coleman Low ("FCI Coleman Low") in Sumterville, Florida, with an anticipated release date of March 10, 2024. Ex. [131-2] at 3.

Keys previously filed a Motion [95] for Compassionate Release on May 12, 2020, which the Court denied for failure to exhaust his administrative remedies. Order [108] at 8. Keys then filed a Motion [110] for Reconsideration of Order [108]. The Court denied this Motion [110], finding that Keys failed to establish an extraordinary and compelling reason for a sentence reduction and that the applicable factors set forth under 18 U.S.C. § 3553(a) weighed against early release. Order [115]. Keys appealed the Order [115] and the Fifth Circuit affirmed on May 24, 2021. J. [122]. The United States Supreme Court denied certiorari on October 4, 2021, and Keys filed a Renewed Motion [124] for Reconsideration which the Court again denied. Order [130].

On August 29, 2022, Keys filed his present Renewed Motion [131] for Compassionate Release. He argues that, due to his underlying medical conditions, he is at a high risk of developing a severe illness if he contracts COVID-19 in prison, and that the existence of breakthrough COVID cases in vaccinated persons demonstrates that his vaccinated status is insufficient protection. Mot. [131] at 2-4. He asserts that these medical conditions along with "long haul COVID-19 symptoms" constitute extraordinary circumstances. *Id.* In addition, he claims that the § 3553(a) factors weigh in favor of his early release, contending that he is no longer a danger to the community, *id.* at 5-7, that adequate deterrence has been achieved, *id.* at 9, and that his individual characteristics, such as his difficult

2

upbringing, favor release, *id.* The Government opposes the Motion [131], arguing that Keys has not demonstrated extraordinary and compelling circumstances and that his criminal history along with the nature and circumstances of his offense weigh the § 3553(a) factors against him. Resp. [134] at 1-2.

## II. DISCUSSION

A.  <u>Whether Keys exhausted his administrative remedies</u>

The modification of a judgment of conviction is governed by 18 U.S.C. § 3582(c), which permits a court

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, [to] reduce the term of imprisonment (and [to] impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable if it finds that--
>
> (i)   extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i). Section 3582 requires a defendant to first exhaust available administrative remedies before a court can address the merits of his request. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). Keys asserts that he submitted a Renewed Compassionate Release Application on May 15, 2022, to the relevant personnel at FCI Coleman Low and that he had not received a response regarding his application as of August 15, 2022. Mot. [131] at 2-3. The Government has not argued that Keys failed to exhaust administrative remedies, thereby waiving the issue. *See United States v. McLean*, Nos. 21-40015 & 21-40017,

3

2022 WL 44618, at 1 (5th Cir. Jan. 5, 2022) (noting that § 3582(c)(1)(A)'s exhaustion requirement may be waived and holding that a district court abused its discretion in denying a compassionate release request for failure to exhaust administrative remedies when the government did not raise exhaustion).

B.     <u>Whether Keys has demonstrated "extraordinary and compelling circumstances" warranting release</u>

A sentencing court is permitted to reduce or modify a term of imprisonment on motion by a defendant for compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). When considering a compassionate release motion, the Court is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

The Court has already found that Keys's medical conditions of obesity, hypertension, diabetes mellitus type 2, and his alleged history as a smoker do not qualify as extraordinary and compelling reasons warranting compassionate release because these conditions are common, rather than extraordinary, and he has received multiple doses of the Moderna COVID-19 vaccine. *See* Order [130] at 5-7. Keys's medical records demonstrate that he is being provided medication and ongoing treatment for these conditions. Keys now asserts that he also suffers from chronic kidney, lung, and heart disease, Reply [137] at 5, and "long-haul COVID symptoms," Mot. [131] at 2. He further argues that the COVID-19 vaccine is ineffective protection because of the existence of breakthrough infections. *Id.*

4

Keys's extensive prison medical records do not reflect the presence of either these chronic conditions or the long-haul COVID symptoms from which he alleges he suffers. *See generally* Exs. [135], [135-1], [135-2], [135-3], [135-4], [135-5]. His records provide some evidence that he may have signs of chronic kidney disease, *see* Ex. [135-1] at 14, 19, but he has not received any such diagnosis even after recent medical records reviews and health screenings, *see* Ex. [135] at 7, 9, 15-17. Without a diagnosis of these conditions, the Court cannot find that they constitute extraordinary and compelling reasons justifying Keys's compassionate release. *See United States v. Roberts*, Crim. Action No. 15-00135-01, 2020 WL 2130999, at *3 (W.D. La. May 5, 2020) (rejecting motion for compassionate release where the inmate's "motion appear[ed] to be based on self-diagnosis and provide[d] no support from a medical provider"); *United States v. Fye*, No. 2:98-CR-00008-1, 2022 WL 4004198, at *6 (E.D. Tex. Sept. 1, 2022) ("Given a lack of diagnosis for either [disease], [the] motion for compassionate release based on these ailments is without merit.").

Likely anticipating the absence of support for his claimed diseases, Keys asserts that the Bureau of Prisons has ignored these conditions and left them untreated. Reply [137] at 3. Even assuming that Keys's statement is accurate and that he suffers from chronic heart, lung, and kidney disease, Keys argues these conditions justify release solely because they increase the risk of severe illness from COVID. *Id.* The Centers for Disease Control and Prevention ("CDC") recognizes these conditions as increasing the risk of developing a serious infection from

COVID. *People with Certain Medical Conditions*, CDC (Sept. 2, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 5, 2022). However, this Court has repeatedly stated that "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. Nichols*, No. 2:18-CR-21-KS-MTP, 2021 WL 1234639, at *2 (S.D. Miss. Apr. 1, 2021) (quoting *United States v. McLin*, No. 1:17-CR-110-LG-RHW, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020)).

Moreover, by Keys's own account, he has contracted and recovered from COVID, possibly multiple times. Reply [137] at 5-6 (alleging that he contracted COVID in June 2020); Mot. [131] at 2 (stating that he has had COVID symptoms on three separate occasions since being vaccinated). "Courts have repeatedly denied motions for compassionate release filed by prisoners who, like [Keys], have already contracted and recovered from the virus." *Fye*, 2022 WL 4004198 at *6; *United States v. Gipson*, 829 F. App'x 780, 781 (9th Cir. 2020) (affirming no extraordinary and compelling reason to warrant release where the inmate had recovered from COVID); *United States v. Randolph*, No. 14-CR-476-13, 2020 WL 7647197, at *1 (S.D.N.Y. Dec. 23, 2020) ("Now that [the defendant] has weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense."); *United States v. Shrout*, No. 15-CR-438, 2020 WL 3483703, at *4 (D. Or. June 26, 2020) ("[Defendant] has already contracted COVID-19 and, crucially, the BOP has

6

properly managed the disease."). Keys's successful recovery from COVID demonstrates that FCI Coleman Low is able to provide adequate care in the event that Keys is reinfected, and weighs heavily against a finding of extraordinary and compelling reasons justifying release.

As for his "long-haul COVID symptoms," there are several instances since his claimed June 2020 COVID infection where Keys himself denied suffering from the symptoms he now claims. *See* Ex. [135] at 2 (May 2022 clinical encounter where Keys denied shortness of breath or other symptoms); [135] at 29 (September 2021 clinical encounter where Keys denied shortness of breath, body aches, loss of smell/taste/appetite); [135-3] at 16 (May 2021 clinical encounter denying shortness of breath); [135-3] at 23 (November 2020 clinical encounter noting that Keys did not have any symptoms related to COVID such as difficulty breathing or fatigue). His repeated refutations of these symptoms demonstrate that his long-haul COVID symptoms are not significantly interfering with his ability to care for himself in prison and do not justify release. *See United States v. Struve*, No. CR16-0076-LTS, 2022 WL 987947, at *1 (N.D. Iowa Mar. 31, 2022) (finding no extraordinary and compelling reason for compassionate release where inmate's long COVID symptoms were not unmanageable or otherwise interfering in his daily life); *United States v. Luedde*, No. 4:14-cr-152, 2021 WL 445383, at *5 (E.D. Tex. Sept. 29, 2021) ("'Long-Covid' is insufficient to constitute an 'extraordinary and compelling reason' alone unless combined with other extenuating circumstances.").

7

Keys's assertion that his COVID-19 vaccinations are inadequate protection also fails to establish a compelling reason for compassionate release. Keys has not only received the standard two doses of Moderna, but also has received two booster shots. Ex. [135] at 1; [135-1] at 25-26 (noting booster shots on December 1, 2021, and April 20, 2022); [135-4] at 4 (showing initial two doses of Moderna vaccine on March 3, 2021, and March 29, 2021). While Keys is correct that vaccinated individuals can still contract COVID-19, "they are much less likely to experience severe symptoms than people who are unvaccinated." *COVID-19 after Vaccination: Possible Breakthrough Infection*, CDC (June 23, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (last visited Oct. 5, 2022). Individuals with a third and fourth booster vaccine have "substantial additional protection against moderate and severe disease" regardless of the circulating variant. *COVID-19 Vaccine Effectiveness Monthly Update*, CDC (Aug. 25, 2022), https://covid.cdc.gov/covid-data-tracker/#vaccine-effectiveness (last visited Oct. 5, 2022). Despite the possibility of these "breakthrough infections," courts have repeatedly found that vaccinated individuals, even those suffering from multiple, chronic medical conditions, are sufficiently protected from a serious COVID infection and therefore the risk of infection does not support compassionate release. *See United States v. Kirk*, No. 19-213 ADM/HB, 2022 WL 624703, at *1 (D. Minn. Mar. 3, 2022); *United States v. Scalea*, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022); *United States v. Dade*, No. 4:01-cr-00196-BLW, 2022 WL 1538691, at *3 (D. Idaho May 16, 2022);

*United States v. Diaz*, No. 5:18-CR-204-D, 2022 WL 4703367, at *2 (E.D.N.C. Sept. 30, 2022).

In sum, Keys has not demonstrated extraordinary and compelling reasons for compassionate release, and his Renewed Motion [131] for Compassionate Release should be denied.

C.  Whether the applicable factors under 18 U.S.C. § 3553(a) weigh against Keys's release

Even if Keys had successively presented evidence of an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i), the applicable factors set forth under 18 U.S.C. § 3553(a) weigh strongly against his early release. The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentences and the sentencing range established for—
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines
> \* \* \*
> (5) any pertinent policy statement—
>   (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code . . .
> \* \* \*
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

  (7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

  Keys argues that he is no longer a danger to the community, Mot. [131] at 5-7, that adequate deterrence has been achieved, *id.* at 9, and that his individual characteristics, such as his difficult upbringing, favor release, *id.*

  The Court finds that the § 3553(a) factors weigh heavily against compassionate release. Keys was given a Guidelines-range sentence, and the nature and circumstances of the offense were serious. Keys directed an extensive fraudulent scheme which involved recruiting multiple other individuals, submitting nineteen fraudulent claims, stealing another's identity, and fabricating tax forms, false check stubs, and the existence of a business. PSR [32] at 6-11. Moreover, his criminal history places him in a category V, based on his lengthy and serious criminal history including convictions for armed bank robbery, multiple burglaries, forgery, and false pretenses. *Id.* at 14-22. Keys's current sentence is for a crime he committed while serving a term of supervised release. *Id.* at 19. The sentence imposed is necessary to promote respect for the law and to afford just punishment for this crime. Keys claims that "the Bureau of Prisons recently determined that [he has a] Low chance [to] recidivate," Mot. [131] at 6, however, the document he attaches denotes a "Medium Risk Recidivism Level," Ex. [131-2] at 5. Keys has not shown that he is not a threat to public safety or that any other factor weighs in his favor. Keys's Motion [131] must be denied.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Bobby Earl Keys's Renewed Motion [131] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 12th day of October, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

11